KERRY et al. v. TOUPIN.

(Circuit Court, D. Massachusetts. March 1, 1894.)

No. 3,179.

1. TRADE-MARKS—RIGHT TO—ALIENS.

Citizens of Canada, who are engaged in the manufacture of trade-marked articles, and who have a place of business in the state of New York, where they make and ship such articles for sale in the United States, are within the international convention of March 20, 1883, for the protection of industrial property; and they may sue in the United States courts for the infringement of their trade-marks by its citizens.

2. SAME—WHAT CONSTITUTES—INFRINGEMENT.

Complainants manufactured a medicinal compound under the name of "Syrup of Red Spruce Gum;" and for some 20 years or more that name was placed conspicuously on the package in which the compound was sold, and in connection therewith appeared a cut of an Indian against a background of spruce trees and a waterfall. *Held*, that the adoption and continuous use of this distinctive name and device entitle complainants to claim it as a trade-mark, and to be protected against its infringement by persons making similar goods.

In Equity. On final hearing. Bill by John Kerry and others against Hercule A. Toupin to restrain the infringement of complainants' trade-mark. Decree for complainants.

Edward S. Beach, for complainants.
John J. Hogan and William A. Hogan, for defendant.

ALDRICH, District Judge. This cause came on for hearing upon bill, answer, and proofs. In 1860 Henry R. Gray originated a medicinal preparation, to which he gave the fanciful name of "Syrup of Red Spruce Gum." The compound composed several ingredients, but the oleo-resin of the spruce was the leading medicinal feature. It is not necessary to consider the character of the preparation, further than to find that it was an original and artificial composition of several natural products, and a useful remedy in throat and lung troubles. The originator proceeded at once to manufacture and place such preparation before the public. It was put up in four-sided, oblong bottles, wrapped in blue wrappers, on which appeared, in conspicuous type, the trade-name, "Syrup of Red Spruce Gum," and in connection therewith the figure of an Indian, with a background of spruce trees and a waterfall. There was proper registration of such name and mark at Ottawa in 1872, and at Washington in 1874. Between 1860 and 1875, the originator used this name and mark continuously, and expended several thousand dollars in advertising and establishing the name and a trade. In 1875 he assigned all his rights to Kerry, Watson & Co., of Montreal, to which the complainants have succeeded. Since 1875 the complainants have used the name, mark, and wrapper continuously, and have expended, as the evidence shows, something like $7,000 annually in advertising. They have a manufactory and place of business in Montreal, and for about 15 years have had a place of business at Rouse's Point, N. Y., where they manufacture and ship to various points in the United States. The complainants' annual

output is something like 1,000 gross in Canada, and 500 gross in the United States; and the evidence shows that the preparation has merit, and an established reputation in the markets.

The complainants, in this proceeding, do not now rely on the registration for relief, but urge the certificates as evidence of the adoption of the name, mark, and wrapper. Neither do they ask to be protected in a monopoly of their product, but against the use by the defendant of their trade name and mark under circumstances which shall induce the public to buy another preparation, supposing it to be the "Syrup of Red Spruce Gum" placed in the market by the complainants; and to this extent, I think, they are entitled to protection. The complainants, citizens of Canada, having an industrial or commercial establishment in the state of New York, would seem to be within the third and eighth articles of the international convention of March 20, 1883, in which Great Britain joined, for the protection of industrial property. As translated, (La Republique Francaise v. Schultz, 57 Fed. 37, 40,) the treaty covers trade-marks, commercial marks, and commercial names, as well. The complainants' name, "Syrup of Red Spruce Gum," adopted and continued in the manner shown, is a trade-name, and the device embodying the name and the cut, as printed on the blue wrapper, has become a distinctive mark in the trade, as applied to their cough mixture, and as such is entitled to protection. Improved Fig Syrup Co. v. California Fig Syrup Co., 4 C. C. A. 264, 54 Fed. 175, 7 U. S. App. 588.

The defendant has adopted a bottle so similar in shape, and a wrapper so similar in color, with a combination of words, including the name, "Syrup of Red Spruce Gum," conspicuously displayed, with a border and cut so like the complainants' in general appearance, as to compel the conclusion that the purpose was to trade on the complainants' reputation, and the notoriety created by a long and continuous use of their distinctive marks and name. That the defendant has changed the wrapper somewhat in detail does not relieve him. He has studiously preserved a catching general appearance, well calculated to deceive the trade, and induce the public to buy his preparation, supposing it to be the preparation known as the "Syrup of Red Spruce Gum" which the complainants and their grantor have continued in the markets for 30 years or more. The complainants are entitled to an injunction in accordance with these views, and to an accounting, and it is so ordered.